

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,053-01

### EX PARTE DONALD AEKINS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-12-904056-A IN THE 403RD DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of sexual assault and sentenced to fifty-five years' imprisonment on each count. The Fourth Court of Appeals vacated the judgment as to the third count and affirmed the judgment as to counts one and two. *Aekins v. State*, No. 04-13-00064-CR (Tex. App.—San Antonio Nov. 6, 2013) (not designated for publication). We affirmed the judgment of the court of appeals. *Aekins v. State*, 447 S.W.3d 270 (Tex. Crim. App. 2014).

Applicant contends that he was denied due process and equal protection of the laws because

we denied his motion for an extension to file a petition for discretionary review (PDR) and failed to file his PDR.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall obtain copies of the mail logs where was incarcerated in June and July 2014 to determine when Applicant placed his PDR in the prison mail system. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After obtaining the mail logs, the trial court shall determine when Applicant placed in his PDR in the prison mail system. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 22, 2015

Do not publish